IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| VINCE ARTHUR HALL, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:15-CV-262 |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner VINCE ARTHUR HALL. For the following reasons, petitioner's habeas application should be DENIED as time-barred.

I.
STATEMENT OF THE CASE

On May 24, 1989, petitioner was convicted of the 1st degree felony offense of aggravated sexual assault and was sentenced to six (6) years in the Texas Department of Corrections. [ECF 7-3 at 83-87]. Petitioner purportedly discharged this sentence at some point prior to 1997.

On November 10, 2011, petitioner was charged by Indictment in the 69th Judicial District Court of Moore County, Texas, with the third degree felony offense of failure to register as a sex offender in violation of article 62.102 of the Texas Code of Criminal Procedure. *State v. Hall*, No. 4,632. The Indictment alleged petitioner, on or about November 1, 2011:

> did then and there, while being a person required to register with the local law enforcement authority in the municipality where the defendant resided or intended to reside for more than seven days . . . because of a reportable conviction for Aggravated Sexual Assault, intentionally or knowingly failed to report not later than the 30th day

after the anniversary of the person's date of birth when the defendant was required to report once each year.

[ECF 7-3 at 5]. The Indictment also alleged two (2) prior felony convictions for purposes of enhancing punishment:

### ENHANCEMENT PARAGRAPH I

[P]rior to the commission of the [charged] offense . . . on the 24th day of May 1989, in cause number 26,192-D in the 320th District Court of Potter County, Texas, the defendant was finally convicted of the felony offense of Aggravated Sexual Assault;

### ENHANCEMENT PARAGRAPH II

[P]rior to the commission of the [charged] offense, and after the conviction in cause number 26,192-D was final, the defendant committed the felony offense of Delivery of Cocaine and was finally convicted on the 10th day of August 1995, in cause number B12028-9504 in the 242nd District Court of Hale County, Texas.

On May 14, 2012, petitioner pleaded guilty, pursuant to a plea bargain, to the charged offense and true to the second enhancement paragraph. [ECF 7-3 at 7-11]. As a result of the plea agreement, Enhancement Paragraph I was dismissed. On that same date, the trial court sentenced petitioner to 15 years confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, and assessed petitioner a $1,500 fine. [ECF 7-3 at 93]. In its Judgment, the trial court awarded petitioner 257 days pre-sentence jail credits toward his sentence for time served.[1] Petitioner did not file a direct appeal of his conviction and sentence.

When petitioner was received into TDCJ custody, TDCJ could only credit his 15-year sentence with 195 days pre-sentence jail credits because petitioner did not commit the offense of failure to register as a sex offender until November 1, 2011 and could not have been confined or in pre-sentence custody pursuant to that offense prior to actually committing the offense. Petitioner's 15-year sentence was thus calculated as beginning on November 1, 2011, the date he committed the offense. [ECF 7-3 at 89].

---

[1] On that same date, petitioner was convicted in Cause No. 4689 on a bail jumping offense and sentenced to a concurrent 15-year term of imprisonment. Petitioner's sentence in that case was credited 257 days, from the date of his arrest.

On May 3, 2014, petitioner purportedly placed a state application for habeas corpus relief in the state prison mail system, such application being received and file-stamped on May 9, 2014.[2] By his state habeas application, petitioner alleged (1) the State breached the plea agreement; (2) petitioner was denied effective assistance of trial counsel; (3) a conflict of interest; (4) wrongful imprisonment; (5) a violation of double jeopardy; and (6) improper modification of the Indictment. On August 20, 2014, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *In re Hall*, No. 81,701-01.

On August 17, 2015, petitioner purportedly placed the instant federal application for habeas corpus in the prison mailing system. Petitioner's application was received by this Court and file-stamped on August 24, 2015. [ECF 3].

II.
PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Enhancement Paragraph II, the enhancement paragraph to which petitioner pled true, was defective resulting in petitioner being assessed a void or illegal sentence, *i.e.*, a sentence exceeding the maximum allowed for a non-enhanced failure to register as a sex offender offense;

2. The failure to register statute under which petitioner was indicted is unconstitutional;

3. The State breached the plea bargain agreement by refusing to award petitioner 257 days credit toward his 15-year sentence;

4. Petitioner was denied effective assistance of trial counsel; and

5. There was insufficient evidence to support petitioner's conviction of the offense of failure to register as a sex offender.

---

[2] "[U]nder Texas law the pleadings of *pro se* inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities." *Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013). The state habeas petition form, however, does not require the petitioner to provide a date on which the application is submitted to the prison mail system. Therefore, the undersigned will use the date petitioner signed the application as the date he submitted the petition to prison authorities for mailing unless demonstrated otherwise.

## III.
## PROCEDURAL HISTORY

On September 30, 2015, respondent filed a Preliminary Answer asserting petitioner's habeas application should be dismissed as time barred. [ECF 9]. In her Preliminary Answer, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of equitable tolling of the limitation period in federal habeas corpus proceedings. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application.

On October 26, 2015, petitioner filed a reply to respondent's Preliminary Answer asserting he can establish an exception to the statute of limitations time bar because he is actually innocent of the underlying offense as he did not have a duty to register as a sex offender. Petitioner also asserts that because his sentence is void, it can be challenged at any time and cannot be barred by a limitation period. [ECF 10].

On April 16, 2018, the Court ordered respondent to file a Supplemental Preliminary Answer addressing petitioner's assertion of actual innocence. [ECF 14]. On May 16, 2018, respondent filed a Supplemental Preliminary Answer arguing petitioner's "claim of actual innocence is meritless and fails to overcome the time bar because he did have a duty to register as a sex offender." [ECF 16]. Respondent further argues that "to the extent [petitioner] claims he is actually innocent of his sentence, his claim fails because there is no exception to the limitations period for actual innocence claims concerning a sentence." Petitioner did not file a response to respondent's Supplemental Preliminary Answer.

## IV.
## APPLICABILITY OF LIMITATIONS

By his first ground, petitioner argues the enhancement paragraph to which he pled true was defective, resulting in petitioner being assessed a sentence exceeding the maximum allowed for a non-enhanced failure to register as a sex offender offense. Specifically, petitioner contends the 1995 prior offense alleged in Enhancement Paragraph II was a state jail felony; therefore, it could not have been used to enhance punishment of the 3rd degree failure to register as a sex offender offense charged in this case to encompass the 15-year sentence to which he pled. Petitioner thus concludes his conviction, based on an illegal indictment, is void. In his reply, petitioner reasserts his contention under his first ground that his failure to register as a sex offender conviction is void because it was based on a defective indictment and imposes an unauthorized sentence, but further contends a challenge to an illegal sentence and/or a jurisdictionally deficient or void conviction can be brought at any time and cannot be barred by a statute of limitations.

The 1995 Judgment in the case alleged in the enhancement paragraph reflected petitioner was convicted of the offense of "delivery of cocaine" and that punishment was "ENHANCED to 3rd Degree Felony."[3] Although the indictment for that offense is not before the Court and the Judgment does not reflect the basis for the enhancement, any enhancement of the punishment for a state jail felony of delivery of cocaine to a third degree felony in 1995 would have been pursuant to section 12.35(c) of the Texas Penal Code governing *State Jail Felony Punishment*.[4] Petitioner was sentenced to three (3) years imprisonment. In 2012, when petitioner was convicted of the instant third-degree failure to

---

[3] The Judgment reflects petitioner was charged with a violation of section 483.041 of the Texas Penal Code; however, that section addressed possession of a dangerous drug, a 3rd degree felony. Section 481.112(b) of the Texas Penal Code addressed the offense of Delivery of Substance in Penalty Group 1 and provided such offense was a "state jail felony if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, less than one gram."

[4] As relevant here, section 12.35 of the Texas Penal Code provided:

"(c) An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:

   (2) the individual has previously been finally convicted of any felony:

   (A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure.

In 1989, petitioner was convicted of the felony offense of aggravated sexual assault, a 3g(a)(1) offense.

register as a sex offender offense, Texas law held that "if it is shown on the trial of a felony of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a),[5] on conviction the defendant shall be punished for a felony of the second degree." Tex. Penal Code § 12.42(a). Petitioner's prior delivery of cocaine conviction, although a state jail felony, was punishable under Section 12.35(c) as a third-degree felony. The conviction alleged in Enhancement Paragraph II, the paragraph to which petitioner pled true, was proper. Consequently, neither petitioner's conviction nor his sentence were void due to alleging an improper enhancement paragraph, and the applicability of the limitation period is not obviated in any way.

V.
ACTUAL INNOCENCE

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404, 113 S.Ct. 853 (1993)). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995*); see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

---

[5] Section 12.35(a) provided, in part: "[A]n individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.

Notwithstanding the fact that petitioner, in open court, entered a plea of guilty to the charged offense and executed a judicial confession admitting he committed the acts alleged in the Indictment, he now contends he is innocent. Petitioner claims that although he had a prior reportable conviction, he was only required to register if he was still serving his sentence in some form as of September 1, 1997, and that he had discharged his sentence prior to that time. Petitioner thus concludes he had no duty under the law to register as a sex offender and, because he was not required to register, could not be guilty and is actually innocent of a violation for failing to register.

Citing *Reynolds v. State* in her Supplemental Preliminary Answer, respondent argues that petitioner was, in fact, required to register as a sex offender as of November 1, 2011, the date of his offense. 423 S.W.3d 377, 382 (Tex.Crim.App. 2014); [ECF 16 at 2-3]. In *Reynolds*, the Texas Court of Criminal Appeals held that pursuant to September 1, 2005 revisions to Texas's sex offender registration laws, all individuals with a reportable conviction or adjudication that occurred on or after September 1, 1970 are required to register, even if they were exempt from registering while a "savings clause" was in effect from September 1, 1997 to August 31, 2005. *Id*. Indeed, the defendant in *Reynolds*, who had a 1990 conviction for sexual assault of a child and discharged his sentence for the conviction in 1995, was required to register under the 2005 law despite being exempt from registration while the "savings clause" was in effect. *Id.* at 378-79, 382.

Here, as of November 1, 2011, the date of the alleged offense, petitioner was required by Texas law, as it then existed, to register as a sex offender. Petitioner has not made a credible showing of "actual innocence" of the offense of which he was convicted, *i.e.*, failure to register as a sex offender, to allow him to pursue any time barred constitutional claims on the merits.[6]

VI.

---

[6] To the extent, if any, petitioner is arguing he is actually innocent of his sentence because the enhancement paragraphs were invalid, not only has the Court found the paragraphs were, in fact, proper (*see* above discussion), as noted by respondent in her Supplemental Preliminary Answer, but numerous courts also have found there is no exception to the limitations period for actual innocence claims concerning a noncapital sentence. [ECF 16 at 3].

FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner was sentenced on May 14, 2012.

2. Petitioner's judgment of conviction became final on **June 13, 2012**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that petitioner could not have discovered such claims, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final (*see* discussion below).

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **June 13, 2013**, unless statutorily or equitably tolled.

8. Petitioner's state habeas application, filed May 3, 2014 and denied without written order on August 20, 2014, was filed <u>after</u> the expiration of the limitation period and did <u>not</u> statutorily toll the 1-year statute of limitations.

9. Petitioner has not demonstrated he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, filed **August 17, 2015** when it was purportedly placed in the prison mailing system, was filed over two (2) years after the expiration of the statute of limitations and **is time barred**.

11. Petitioner has not demonstrated an actual innocence exception to the time bar (*see* discussion above).

For the reasons set forth by respondent her Preliminary Answer [ECF 9] and Supplemental Preliminary Answer [ECF 16], and for the reasons set forth herein, it is the opinion of the undersigned

United States Magistrate Judge that petitioner's application for a writ of habeas corpus should be denied as time barred.

## VII.
## DISCOVERY OF FACTUAL PREDICATE

Petitioner also appears to argue the instant habeas application is timely because he did not and could not have discovered the factual predicate of his defective enhancement paragraph claim at the time of his conviction and, therefore, the statute of limitations did not begin to run until a later date, *i.e.*, the date he actually discovered the basis of his claim. Specifically, petitioner maintains he did not discover the State failed to include, in the first enhancement paragraph, language indicating his prior offense was a state jail felony. Petitioner's argument is without merit.

Petitioner's argument confuses his knowledge or discovery of the factual predicate of his claim with the discovery of the purported proof of the claim or time gathering evidence in support of that claim. *See Flanagan v. Jonson*, 154 F.3d 196, 199 (5th Cir. 1998). As accurately noted by the Seventh Circuit Court of Appeals, "[T]he time commences when the factual predicate could have been discovered through the exercise of due diligence, not when it was actually discovered by a given prisoner" or "when the prisoner recognizes [the] legal significance [of important facts]." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Here, petitioner appears to assert he only recently discovered that the State omitted language in the enhancement paragraph that would have indicated the prior alleged conviction was for a state jail felony. Petitioner should have known, or could have discovered with the exercise of due diligence, his claim that the enhancement paragraph was improper when he pleaded true to the paragraph or, at the latest, by the time his conviction was final.

Therefore, for the reasons set forth by respondent and for the reasons set forth herein, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be denied.

VIII.
RECOMMENDATION

For the above reasons and the reasons set forth in respondent's Preliminary Answer filed September 30, 2015 [ECF 9] and Supplemental Preliminary Answer filed May 16, 2018 [ECF 16], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner VINCE ARTHUR HALL be DENIED.

IX.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 18, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE


\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth

by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).